Case 4:23-cv-02353   Document 17   Filed on 10/10/24 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
October 10, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LAURA MORESCO, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:23-cv-02353 |
| | § | |
| COMMISSIONER OF SOCIAL SECURITY, | § | |
| | § | |
| | § | |
| Defendant. | § | |

## **OPINION AND ORDER**

Plaintiff Laura Moresco seeks judicial review of an administrative decision denying her applications for Title II disability and disability insurance benefits and Title XVI supplemental security income under the Social Security Act (the "Act"). *See* Dkt. 1. Moresco and Defendant Martin O'Malley, the Commissioner of the Social Security Administration (the "Commissioner"),[1] have both filed briefs. *See* Dkts. 12, 15, 16. Having reviewed the briefs, the record, and the applicable law, I affirm the Commissioner's decision.

## BACKGROUND

On June 2, 2021, Moresco filed applications for Title II disability and disability insurance benefits and Title XVI supplement security income, alleging disability beginning November 16, 2019. Her applications were denied and denied again upon reconsideration. On December 6, 2022, an Administrative Law Judge ("ALJ") held a hearing. On January 9, 2023, the ALJ issued a decision, finding that Moresco was not disabled. Moresco filed an appeal with the Appeals Council. The

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. O'Malley is "automatically substituted" as the defendant in this suit. FED. R. CIV. P. 25(d); *see also* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

Appeals Council denied review, making the ALJ's decision final and ripe for judicial review.

## APPLICABLE LAW

The standard of judicial review for disability appeals is provided in 42 U.S.C. § 405(g). *See Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002). Courts reviewing the Commissioner's denial of social security disability applications limit their analysis to "(1) whether the Commissioner applied the proper legal standards; and (2) whether the Commissioner's decision is supported by substantial evidence on the record as a whole." *Est. of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000). Addressing the evidentiary standard, the Fifth Circuit has explained:

> Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance. It is the role of the Commissioner, and not the courts, to resolve conflicts in the evidence. As a result, [a] court cannot reweigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision. A finding of no substantial evidence is warranted only where there is a conspicuous absence of credible choices or no contrary medical evidence.

*Ramirez v. Colvin*, 606 F. App'x 775, 777 (5th Cir. 2015) (cleaned up). Judicial review is limited to the reasons relied on as stated in the ALJ's decision, and *post hoc* rationalizations are not to be considered. *See SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947).

Under the Act, "a claimant is disabled only if she is incapable of engaging in *any* substantial gainful activity." *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992) (quotation omitted). The ALJ uses a five-step approach to determine if a claimant is disabled, including:

> (1) whether the claimant is presently performing substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the impairment prevents the claimant from doing past

relevant work; and (5) whether the impairment prevents the claimant from performing any other substantial gainful activity.

*Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (quoting *Kneeland v. Berryhill*, 850 F.3d 749, 753 (5th Cir. 2017)).

The burden of proof lies with the claimant during the first four steps before shifting to the Commissioner at Step 5. *See Salmond*, 892 F.3d at 817. Between Steps 3 and 4, the ALJ considers the claimant's residual functional capacity ("RFC"), which serves as an indicator of the claimant's capabilities given the physical and mental limitations detailed in the administrative record. *See Kneeland*, 850 F.3d at 754. The RFC also helps the ALJ "determine whether the claimant is able to do her past work or other available work." *Id.*

## THE ALJ'S DECISION

The ALJ found at Step 1 that Moresco "has not engaged in substantial gainful activity since November 16, 2019, the alleged onset date." Dkt. 10-1 at 27.

The ALJ found at Step 2 that Moresco suffers from "the following severe impairments: chronic obstructive pulmonary disease (COPD); obesity; and affective mood disorder." *Id.*

At Step 3, the ALJ found that Moresco "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments." *Id.*

Prior to consideration of Step 4, the ALJ determined Moresco's RFC as follows:

> [Moresco] has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: To minimize stress and due to [her] limitations in adapting to change, she should never be required to work at a forced pace and never be subjected to more than only occasional changes in the work setting. Further, due to her COPD, she should never be required to work in environments where there exists concentrated exposure to pulmonary irritants.

*Id.* at 29.

3

At Step 4, the ALJ found that Moresco is "capable of performing her past relevant work as a Receptionist and Administrative Clerk[, which] . . . does not require the performance of work-related activities precluded by [her] residual functional capacity." *Id.* at 32. Accordingly, the ALJ found that Moresco "has not been under a disability . . . from November 16, 2019, through [January 9, 2023]." *Id.* at 33.

## DISCUSSION

This social security appeal involves only one issue: whether the ALJ erred in crafting Moresco's RFC by failing to account for her moderate limitations in concentration, persistence, and maintaining pace that the ALJ found at Step 3. Moresco essentially maintains that the ALJ's reasoning in crafting her RFC is too scant to prevent judicial review. Stated differently, Moresco argues that her RFC is not supported by substantial evidence.

Despite her lengthy briefing, Moresco's contention is primarily semantic. Because "[t]he ALJ specifically stated in the RFC that the limitation of 'no forced pace work' and 'only occasional changes in the work setting' were to account for moderate limitations in the domain of adapting and managing oneself," Moresco argues those limitations cannot possibly concern her moderate limitations in concentration, persistence, and maintaining pace. Dkt. 12 at 10. But it strains credulity to think that simply because the ALJ mentioned only "limitations in adapting to change," the limitation "she should never be required to work at a forced *pace*" does not also address Moresco's moderate limitations in concentration, persistence, and *maintaining pace*. Dkt. 10-1 at 29 (emphasis added). To the extent Moresco believes additional mental limitations were warranted based on the ALJ's Step 3 findings, the ALJ has provided ample explanation for why he did not impose further mental limitations in crafting Moresco's RFC.

In determining at Step 3 that Moresco has moderate limitations in concentrating, persisting, or maintaining pace, the ALJ relied on Moresco's self-

4

reported "difficulties completing tasks" and "trouble remembering spoken instruction," and Nurse Practitioner ("N.P.") Chichy Nwachukwu's assessment that Moresco had a "fair ability to concentrate." *Id.* at 28. The ALJ contrasted these limitations with Moresco's "intact" comprehension ability and "logical insights." *Id.* The ALJ discussed each of these limitations—task completion difficulty, poor memory, and fair concentration—again in formulating Moresco's RFC. Specifically, the ALJ recounted Moresco's testimony that "[h]er depression and anxiety affect her memory and her ability to multitask and function," and that "[s]he could not perform the duties of the receptionist job she once held as that job required multitasking." *Id.* at 29. In crafting Moresco's RFC, the ALJ found that these self-reported limitations "are not entirely consistent with the medical evidence and other evidence in the record." *Id.* at 30. As for N.P. Nwachukwu's assessment of Moresco's mental health limitations, the ALJ observed that N.P. "Nwachukwu is not a mental health care specialist" and Moresco's "mental status exams have been comparatively benign." *Id.* at 32. Accordingly, the ALJ "did not find this assessment wholly persuasive." *Id.* Thus, in crafting Moresco's RFC, the ALJ discussed all of the evidence supporting his Step 3 determination that Moresco has moderate limitations in concentration, persistence, and maintaining pace; he then explained why he discounted such evidence as warranting additional limitations to Moresco's RFC. This is ample reasoning to permit judicial review, and substantial evidence supporting the ALJ's decision.

## CONCLUSION

For the reasons discussed above, I affirm the Commissioner's decision. I will issue a final judgment separately.

SIGNED this 10th day of October 2024.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE